```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
UNITED STATES OF AMERICA,               :    ORDER
                                                             :
                                                             :    03 Cr. 735
                -against-                                    :    08 Civ. 1930
                                                             :
ERICK NOLASCO                                                :
                              Defendant.                     :
------------------------------------------------------------ :
                                                             :
ERICK NOLASCO,                                               :
                                                             :
                              Plaintiff,                     :
                                                             :
                                                             :
                -against-                                    :
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Petitioner Erick Nolasco has several motions pending before the court. Nolasco moves (1) for a departure from the sentencing guidelines, (2) for an order compelling his appellate counsel to release all records in her possession relating to his appeal, (3) for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), and (4) for a writ of habeas corpus under 28 U.S.C. § 2255. For the reasons stated below, Nolasco's motions are denied.

**I. Background**

    On March 4, 2004, Erick Nolasco pled guilty to one count of participating in a conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and one count of using and carrying a firearm in furtherance of the charged narcotics

1

conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Under the terms of the plea agreement, Nolasco stipulated that he would not appeal a sentence within or below the stipulated sentencing range of 195 to 228 months' imprisonment.

On December 6, 2004, Nolasco moved to withdraw his guilty plea, claiming he was innocent of the charges in the indictment and pled guilty only because his attorney promised him that he would receive a five-year sentence.  The court held a hearing on the motion on April 7, 2005, and took testimony from Nolasco and Adam Perlmutter, the attorney who represented Nolasco during plea negotiations.  The court denied the motion, holding that Nolasco's assertions of innocence were not credible and his plea was knowing and voluntary.

On August 17, 2005, the court sentenced Defendant to 168 months on the first count and 60 months on the second count, consecutively, for a total of 228 months.

On September 16, 2005, Defendant appealed, arguing that (1) his indictment was invalid because it was not presented in open court, (2) he received ineffective assistance of counsel because he was not advised of the immigration consequences of his guilty plea, and (3) he did not knowingly and intelligently waive his right to counsel at his sentencing.  Nolasco's attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there were no non-frivolous issues that could be raised on appeal with respect to the validity of his guilty plea or his sentence.  The government concurred and filed a motion for (1) dismissal of the appeal based on Defendant's waiver or (2) summary affirmance based on the fact that Defendant could not raise any non-frivolous issues on appeal.  The Court of Appeals granted both motions on May 7, 2007.

On September 21, 2005, while Nolasco's appeal was pending, he filed a motion for a downward departure based on alleged inhumane and unconstitutional conditions of his pre-sentence confinement.

On December 12, 2007, after his appeal had been dismissed, Nolasco filed a motion to compel his appellate counsel to release and provide him with all documents related to his appeal.

On February 27, 2008, Nolasco petitioned for a writ habeas corpus pursuant to 28 U.S.C. § 2255, arguing that the government and his defense attorney coerced his plea and withheld exculpatory evidence.

On March 7, 2010, Nolasco moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), which altered U.S.S.G. § 2K2.4, the Guideline applicable to use of a firearm, armor-piercing ammunition or explosive during the commission of certain other crimes.  Amendment 599 provides, in relevant part, that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense," the court should not "apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."

## II. Discussion

### a. Motion for Downward Departure

Nolasco's motion for a downward departure based on the allegedly unconstitutional conditions of his pre-sentencing confinement, which he filed while his appeal was pending, is denied.  "It is well settled that the filing of a timely and effective

notice of appeal from a final judgment divests the court of jurisdiction to amend or otherwise reconsider that judgment." United States v. Katsougrakis, 715 F.2d 769, 776-77 (2d Cir. 1983).

Moreover, a motion for a downward departure is not properly brought after the court has sentenced the Defendant. Once the court imposes a term of imprisonment, it may modify that term only on the basis of certain enumerated factors. See 18 U.S.C. 3582(c). Even if Nolasco's argument would have warranted a downward departure at the time of his sentencing—which is an open question, see United States v. Londono-Jimenez, 99 Cr. 81-01 (RWS), 2000 WL 1593381, at *6 (S.D.N.Y. Oct. 25, 2000) (citing United States v. Gutierrez, No. 99 Civ. 1594, 2000 WL 1370326 (2d Cir. Sept. 20, 2000)—it does not provide grounds for a post-sentence modification.

### b. Motion to Compel Appellate Counsel to Release Records

Appellate Counsel represents that she provided all records to Defendant since the time the motion was made. Nolasco filed the motion on December 10, 2007, and has made no further requests for these records. The motion is denied as moot.

### c. Motion for Habeas Corpus

Nolasco's petition is replete with conclusory assertions regarding constitutional deficiencies in the proceedings leading to his guilty plea and sentencing. His petition appears to be based on the argument that the government and his defense attorney coerced his guilty plea and withheld exculpatory evidence. These arguments are similar to those Nolasco raised on his motion to withdraw his guilty plea. I denied that motion after considering a number of factual affidavits, hearing testimony from Nolasco and Perlmutter, and holding that Nolasco's claim of innocence was not credible and his

plea was knowing and voluntary. Nolasco presents no new non-conclusory allegations to support his argument

Because "the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, I summarily dismiss his petition.

### d. Motion to Modify Sentence

Finally, Nolasco's motion to modify his sentence pursuant to 18 U.S.C. § 3552(c)(2) and Amendment 599 is denied. The Guidelines level for Nolasco's narcotics conviction was not based on § 2K2.4 and did not include any enhancement for the use of a gun. The Amendment does not, therefore, affect his Guidelines range.

The court notes that after Nolasco's direct appeal became final, and after he filed his motion for a writ of habeas corpus, the Court of Appeals in this Circuit held that the prefatory "except" clause in 18 U.S.C. § 924(c) bars the imposition of a mandatory consecutive sentence under the statute for use and possession of a firearm in connection with a drug or violent crime when a defendant is subject to a longer mandatory minimum sentence for the underlying drug or violent offense. See United States v. Williams, 558 F.3d 166, 169-75 (2d Cir. 2009); United State v. Whitley, 529 F.3d 150, 152-58 (2d Cir. 2008).

The Court of Appeals has not addressed, however, whether the rule it enunciated applies retroactively on a collateral attack. See Persico v. United States, No. 09 Civ. 3329 (CBA), 2009 WL 4709533, at *1 (E.D.N.Y. Dec. 9, 2009).

The government is instructed to respond to the following issues: (1) whether I have the authority to raise the legality of Nolasco's sentence in light of Whitley and Williams where Nolasco did not, and could not, raise the issue in his initial habeas

petition, (2) whether the Whitley/Williams rule applies retroactively on a collateral attack, and (3) whether the mandatory consecutive five-year sentence this court imposed on the basis of Nolasco's conviction under 18 U.S.C. § 924(c)(1)(A)(i) should be vacated.

The government shall file its response by May 31, 2010.

### III. Conclusion

For the reasons stated above, Nolasco's motions are denied. I decline to issue a certificate of appealability, as there has been no substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Clerk shall mark the motions (Doc. Nos. 46, 51, and 55) as terminated and the cases as closed.

SO ORDERED.

Dated: April 27, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6